UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

ROGERIO TAVARES                                   :
                                                  :
              v.                                  :        C.A. No. 13-521S
                                                  :
ENTERPRISE RENT-A-CAR                             :
OF RHODE ISLAND                                   :

**REPORT AND RECOMMENDATION FOR**
**SUMMARY DISMISSAL PURSUANT TO 28 U.S.C. § 1915(e)**

Lincoln D. Almond, United States Magistrate Judge

**Background**

Pending before me for determination (28 U.S.C. § 636(b)(1)(A)) is Plaintiff's Application

to Proceed In Forma Pauperis ("IFP") (Document No. 2) pursuant to 28 U.S.C. § 1915. On July

15, 2013, Plaintiff filed a pro se Complaint against Enterprise Rent-A-Car of Rhode Island

("Enterprise"). Plaintiff's Complaint was accompanied by an Application to Proceed IFP

without being required to prepay costs or fees, including the $400.00 civil case filing fee. After

reviewing Plaintiff's IFP Application signed under penalty of perjury, I conclude that Plaintiff

has not provided sufficient evidence about his finances to establish that he is unable to pay fees

and costs in this matter and thus, Plaintiff's Application to Proceed IFP (Document No. 2) is

DENIED without prejudice to refiling supported by more detailed financial information.

Plaintiff presently fails to provide a full and complete disclosure as to his income, assets and

expenses. For instance, Plaintiff indicates that he receives support from his wife but does not

describe "the type and amount of such support for the last twelve months" as requested on the

IFP Application. He reports $3,100.00 in a checking account and that his only asset is a car but fails to describe the car or its value. He also does not report that he owns a home but includes a mortgage among his monthly expenses.[1]

However, even if Plaintiff provided sufficient financial information to warrant IFP status, this Court is required by statute to further review the Plaintiff's Complaint sua sponte under 28 U.S.C. § 1915(e)(2) and to dismiss this suit if it is "frivolous or malicious," "fails to state a claim on which relief may be granted" or "seeks monetary relief against a defendant who is immune from such relief." For the reasons discussed below, I recommend that Plaintiff's Complaint be DISMISSED WITHOUT PREJUDICE because, as presently drafted, it "fails to state a claim on which relief may be granted" pursuant to 28 U.S.C. § 1915(e)(2)(B).

**Facts**

Plaintiff's pro se Complaint is cursory and conclusory. He describes the action as a "statement of disagreement to compensate for impairments suffered as the effect brought about Employment discrimination inflicted by Enterprise." (Document No. 1 at p. 1). However, he does not identify the nature of the discrimination (e.g., race, national origin, gender, disability, age, etc.) or facts from which the Court could reasonably infer the nature of the discrimination. He alleges that he was employed by Enterprise for three years and seven months and was subject to a "wrong termination due to an incident that took place on November 3, 2011 and that led to my injury during working hours." Id.

---

[1] According to the City of Providence Tax Assessor Database, Plaintiff's wife owns a single-family residence assessed at a value of $149,600.00, and Plaintiff lists that residence as his address in his Complaint.

**Standard of Review**

Section 1915 of Title 28 requires a federal court to dismiss an action brought thereunder if the court determines that the action is frivolous, fails to state a claim or seeks damages from a defendant with immunity. 28 U.S.C. § 1915(e)(2)(B). The standard for dismissal of an action taken IFP is identical to the standard for dismissal on a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6). See Fridman v. City of N.Y., 195 F. Supp. 2d 534, 538 (S.D.N.Y. 2002). In other words, the court "should not grant the motion unless it appears to a certainty that the plaintiff would be unable to recover under any set of facts." Roma Constr. Co. v. aRusso, 96 F.3d 566, 569 (1st Cir. 1996). Section 1915 also requires dismissal if the court is satisfied that the action is "frivolous." 28 U.S.C. § 1915(e)(2)(B)(I). A claim "is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). The First Circuit has held that the affirmative defense of the statute of limitations may justify dismissal under Section 1915, see Street v. Vose, 936 F.2d 38, 39 (1st Cir. 1991), and other courts have upheld dismissals under Section 1915 because of other affirmative defenses appearing on the face of a complaint. See e.g., Kimble v. Beckner, 806 F.2d 1256, 1257 (5th Cir. 1986).

**Discussion**

I am recommending that Plaintiff's Complaint be summarily dismissed without prejudice and with leave to file an Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2). In making this recommendation, I have taken all of the allegations in Plaintiff's Complaint as true and have drawn all reasonable inferences in his favor. Estelle v. Gamble, 429 U.S. 97 (1976). In addition,

I have liberally reviewed Plaintiff's allegations and legal claims since they have been put forth by a pro se litigant. See Haines v. Kerner, 404 U.S. 519, 520-521 (1972). However, even applying these liberal standards of review to Plaintiff's Complaint, dismissal is required.

There are several deficiencies in Plaintiff's Complaint. First, it does not, as required by Fed. R. Civ. P. 8(a), contain "a short and plain statement of the grounds" for federal subject matter jurisdiction in this Court. Second, the cursory and conclusory nature of Plaintiff's Complaint does not identify the specific statute(s) or law(s) which he alleges that Enterprise violated and does not contain sufficient facts to ascertain the nature of his claim. See Rule 8(a)(2), Fed. R. Civ. P. (The Complaint must contain a short and plain statement of the claim showing that the pleader is entitled to relief). The Complaint also fails to include "a demand for the relief sought" as required by Rule 8(a)(3), Fed. R. Civ. P. In other words, as drafted, Plaintiff's Complaint does not provide either the Court or Enterprise with fair notice as to the legal and factual basis of his claim. See Thomas v. Rhode Island, 542 F.3d 944, 948 (1st Cir. 2008) (a complaint must contain sufficient factual allegations to assert "a plausible entitlement to relief" under the law).

**Conclusion**

For the reasons stated, Plaintiff's Motion to Proceed In Forma Pauperis (Document No. 2) is DENIED without prejudice to refiling supported by more detailed financial information. Additionally, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), I further recommend that Plaintiff's Complaint be DISMISSED WITHOUT PREJUDICE and WITH LEAVE to file an Amended

Complaint within twenty-one days which remedies the pleading deficiencies identified in this Report and Recommendation.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen (14) days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72(d). Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

LINCOLN D. ALMOND
United States Magistrate Judge
July 17, 2013