UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

_____
                                    )
ROGERIO S. TAVARES,                 )
                                    )
        Plaintiff,                  )
                                    )
    v.                              )   C.A. No. 13-521 S
                                    )
ENTERPRISE RENT-A-CAR COMPANY       )
OF RHODE ISLAND,                    )
                                    )
        Defendant.                  )
_____)

## ORDER

WILLIAM E. SMITH, Chief Judge.

On March 17, 2014, United States Magistrate Judge Lincoln D. Almond held a hearing in the above-captioned matter. Plaintiff Rogerio S. Tavares was dissatisfied with the outcome.

In an oral decision, Judge Almond denied a Motion for Protective Order that Plaintiff had previously filed which would have blocked Defendant from obtaining certain mental health records through discovery. Judge Almond also denied a previously-filed Motion for Leave to File Amended Complaint. Plaintiff has filed motions that appeal both rulings (ECF Nos. 30 and 31). Both motions are DENIED.

I.  Motion for Protective Order

With respect to the Motion for Protective Order, Judge Almond reasoned that Plaintiff had put his mental condition at issue based on the nature of his claims against Defendant. (See

Mar. 17, 2014 Hr'g Tr.) Nevertheless, Judge Almond ordered that any such records be subject to a confidentiality agreement and that access be limited to Defendant's attorneys and expert witnesses. (Id.) Plaintiff has now filed a Second Motion for Entering a Protective Order (ECF No. 30), which raises the same arguments as those rejected by Judge Almond, and which the Court construes as an appeal of Judge Almond's decision.

This Court may modify or set aside any part of a magistrate judge's pretrial order that is clearly erroneous or contrary to law. See Fed. R. Civ. P. 72(a). "A determination is 'clearly erroneous' when, although there is evidence to support it, the court, after reviewing all the evidence, is left with the definite and firm conviction that the magistrate judge made a mistake." Harvard Pilgrim Health Care of New England v. Thompson, 318 F. Supp. 2d 1, 6 (D.R.I. 2004) (citing United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948)).

This Court agrees with Judge Almond's denial of Plaintiff's Motion for Protective Order. See Rankin v. Liberty Mut. Ins. Co., No. 94-1850, 1995 U.S. App. LEXIS 6150, at *5 n.3 (1st Cir. Mar. 27, 1995) (per curiam) ("In discrimination cases where the complaint merely includes an allegation of emotional distress there is disagreement whether the plaintiff's mental condition is thereby placed 'in controversy' for discovery purposes . . . [where], however, plaintiff alleged both a separate tort claim

2

for emotional distress, and a continuing psychiatric disability, [] there is no question that she had placed her mental condition in controversy.") (citations omitted).  Judge Almond's pretrial order was neither erroneous nor contrary to law, and Plaintiff's Second Motion for Entering a Protective Order is DENIED.

II.  Motion for Leave to File Amended Complaint

Judge Almond denied Plaintiff's Motion for Leave to File an Amended Complaint, reasoning that an amendment to add additional parties that were not named in Plaintiff's charges to the Rhode Island Commission for Human Rights would be futile.  <u>Thornton v. United Parcel Service, Inc.</u>, 587 F.3d 27, 31 (1st Cir. 2009) ("[I]t is well-settled that an employee alleging discrimination must file an administrative claim with the EEOC or with a parallel state agency before a civil action may be brought.").

Plaintiff's instant Second Motion for Leave to File Amended Complaint and to Add Enterprise Holdings raises the same issues as those previously rejected by Judge Almond.  As such, and because the Court agrees with Judge Almond's determination, Plaintiff's motion is DENIED.

IT IS SO ORDERED.

/s/ WESmith
William E. Smith
Chief Judge
Date:  May 30, 2014