UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

_____
                                )
ROGERIO S. TAVARES,             )
                                )
          Plaintiff,            )
                                )
     v.                         )    C.A. No. 13-521 S
                                )
ENTERPREISE RENT-A-CAR COMPANY  )
OF RHODE ISLAND,                )
                                )
          Defendant.            )
_____ )

**ORDER**

WILLIAM E. SMITH, Chief Judge.

     Magistrate Judge Patricia A. Sullivan filed a Report and
Recommendation ("R&R") on June 16, 2016 (ECF No. 138), recommending
that the Court GRANT Defendant's Motion for Summary Judgment (ECF
No. 117) and DENY Defendant's Motion for Sanctions (ECF No. 119)
as moot.  After careful consideration of the R&R and the objection
of Plaintiff, Rogerio Tavares (ECF No. 139), the Court hereby
accepts, pursuant to 28 U.S.C. § 636(b)(1), the R&R for the reasons
that follow. The relevant facts, procedural background, and
analysis are fully set forth in the R&R.  The Court limits its
discussion and presents only those facts pertinent to Tavares's
objection.[1]  Additionally, Magistrate Judge Sullivan thoroughly

_____

[1] Because this Court accepts the R&R in its entirety, it will
not review Tavares's objection as it relates to Defendant's Motion
for Sanctions.

explained the applicable legal framework, burdens of proof and production, and affirmative defenses in her recommendation and so this Court will not provide further explanation on those points here. (See R&R 21-23, ECF No. 138.)

Magistrate Judge Sullivan read Tavares's pro se Complaint liberally and analyzed his six discrete claims as arising under Title VII of the Civil Rights Act of 1964 ("Title VII") and the Americans with Disabilities Act ("ADA"). Specifically, she analyzed the claims under 42 U.S.C. § 2000e-2, which protects against employment discrimination based on national origin, race, religion, and sex; 42 U.S.C. § 2000e-3(a), which makes it unlawful for an employer to retaliate against employees for opposing any practice made unlawful by Title VII, or because the employee has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under Title VII; and 42 U.S.C. §§ 12111(8), 12112(a), which forbids a covered employer from discriminating against a person with a disability who can perform the essential functions of her job, with or without reasonable accommodations.

In accordance with Rule 56 of the Federal Rules of Civil Procedure, the R&R viewed all facts and drew all reasonable inferences in Tavares's favor. The R&R found that Defendants successfully demonstrated that there were no genuine issues of material fact and that Tavares failed to submit competent evidence

to support the key elements of his claims.  This Court reviews the R&R de novo.[2]

As a preliminary matter, Tavares organizes his objection according to the factual findings with which he takes issue and uses his objection to re-argue each of his claims.[3]  However, after thorough review and accounting for Tavares's pro se status, this Court finds that Tavares's objections are best addressed in the following order: (1) objections asserting that Magistrate Judge Sullivan's R&R did not view the evidence in the light most favorable to him; (2) objections asserting that Magistrate Judge Sullivan's "reliance on statements of other employees who witnessed some, but not all [Tavares's] complaints" constituted a credibility determination that was inappropriate at the summary judgment stage (Tavares's Obj. to the R&R 6, ECF No. 139); and (3) objections asserting that Magistrate Judge Sullivan improperly

---

[2] Rule 72 of the Federal Rules of Civil Procedure provides that this Court shall review a Magistrate Judge's R&R de novo. While the term "de novo" signifies that the magistrate judge's findings are not protected by the clearly erroneous doctrine, it does not indicate that a second hearing is required. See United States v. Raddatz, 447 U.S. 667 (1980); Fed. R. Civ. P. 72(b).

[3] Tavares organizes his Objection as follows: (1) Sexual Harassment and Hostile Work Environment, (a) No complaints about accommodation after June 3, 2008 Doctor Letter, (b) Credibility Determinations, (c) Disclosure of Plaintiff's Medical Information, (d) Conduct Resulting in Termination; (2) Analysis, (a) Post Leave Retaliation, (b) Harassment by Co-workers and Religious Practice, (c) Failure to Accommodate, (d) Exhaustion of Administrative Remedies.

considered the effects of his mental illness and incorrectly relied

on <u>Wilson v. New York City Police Department</u>[4] in assessing the

legal sufficiency of his claims, in light of that illness.

## I. Magistrate Judge Sullivan Applied the Correct Legal Standard for a Motion for Summary Judgment.

Tavares's primary argument is that Magistrate Judge Sullivan

did not view all facts and draw all reasonable inferences in his

favor, as required by Rule 56 of the Federal Rules of Civil

Procedure.  Tavares repeatedly avers that "Plaintiff's version of

the facts must be accepted," and that "[t]he only matter that

should have been considered was whether the sworn statements and

other statements provided by Plaintiff if they are taken as true

and all favorable inferences are drawn from those facts could a

reasonable jury find for Plaintiff." (Tavares's Obj. to R&R 6, 7,

ECF No. 139.)   Tavares accuses Magistrate Judge Sullivan of

ignoring this legal standard when she considered other record

evidence contrary to Plaintiff's own testimony and version of

events, arguing that she should have "simply accept[ed]

Plaintiff's statements as true as required by law." (<u>Id.</u>, ECF No.

139.) In essence, Tavares argues that Magistrate Judge Sullivan

improperly granted summary judgment because she considered record

evidence <u>other than</u> Plaintiff's testimony.  This argument reflects

---

[4] No. 09-Civ. 2632 (ALC) (HPB), 2013 WL 878585 (S.D.N.Y. Feb. 6, 2013), report and recommendation adopted, No. 09 CIV. 2632 ALC HBP, 2013 WL 929654 (S.D.N.Y. Mar. 11, 2013).

a misunderstanding of the standard applicable at the summary judgment stage.

The requirement that a judge must take all facts and draw all reasonable inferences in the plaintiff's favor dictates <u>how</u> the judge must review the record evidence when reviewing a motion for summary judgment; it does not dictate <u>what</u> record evidence she may review. At the summary judgment stage, a judge must review all of the record evidence. Fed. R. Civ. P. 56(c)(3).[5] Thus, the Court may find that "a particular piece of evidence standing alone was insufficiently probative to justify sending a case to the jury" without "undermin[ing] the doctrine that all evidence must be construed in the light most favorable to the party opposing summary judgment." <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 261 n.2 (1986). This is precisely what Magistrate Judge Sullivan did in this case: after diligently reviewing all of the evidence before her, including statements from other employees and Enterprise personnel, she found that the particular pieces of evidence that Tavares presented were not sufficiently probative to warrant sending the case to a jury. Based on this review, Magistrate Judge

---

[5] In fact, when assessing whether there is a genuine dispute as to a material fact, the judge is required to look beyond a plaintiff's testimony. <u>See</u> <u>Simas v. First Citizens' Fed. Credit Union</u>, 170 F.3d 37, 50 (1st Cir. 1999) ("[T]he court [may not] accept the nonmovant's subjective characterizations of events, unless the underlying events themselves are revealed. . . .") (citations omitted); <u>see also</u> Fed. R. Civ. P. 56(e).

Sullivan concluded that Tavares had not presented a genuine dispute as to any material fact for any of his claims.[6]

Similarly, Tavares argues that Magistrate Judge Sullivan's failure to draw all inferences in his favor was "[c]ontrary to law." (Tavares's Obj. to the R&R 9, ECF No. 139.)  However, the fact that there are conceivable inferences that could be drawn in Plaintiff's favor does not mean that those inferences are "reasonable" enough to justify sending the case to the jury. Here, the inferences Tavares urges the Court to draw in his favor are simply not reasonable inferences in light of all the evidence.[7]

---

[6] At its core, Tavares's objection is rooted in his misunderstanding of the legal term of art "material facts." "[A] fact is 'material' only when it possesses the capacity, if determined as the nonmovant wishes, to alter the outcome of the lawsuit under the applicable legal tenets." Roche v. John Hancock Mut. Life Ins. Co., 81 F.3d 249, 253 (1st Cir. 1996) (emphasis added) (citing Blackie v. Maine, 75 F.3d 716, 721 (1st Cir. 1996)). The facts Tavares argues are in dispute are simply not "material facts" that preclude a grant of summary judgment.

For example, whether there were five incidents of harassing behavior (Mem. in Supp. of Pl.'s Resp. in Opp. to Mot. Summ. J. ¶¶ 20-24, ECF No. 126-1) or just the three incidents the R&R discusses explicitly (R&R 26, ECF No. 138), does not change the outcome of this case because "these incidents [. . .] are insufficient as a matter of law to create the abusive work environment that is actionable under Title VII." (R&R 27, ECF No. 138.)  Likewise, whether the supervisor, Whyte, knew of Tavares's disability for the first thirty days of his employment at Enterprise but nonetheless refused to provide him an accommodation until he provided a doctor's note (Tavares's Obj. to R&R 7, ECF No. 139) is not material to the disposition of the case because the ADA entitles an employer to request a doctor's note before providing that accommodation.

[7] For example, Tavares argues that, because he disputes one of several statements in the "Immediate Correction Notice," the

## II. Magistrate Judge Sullivan Did Not Make Impermissible Credibility Determinations.

Tavares next argues that Magistrate Judge Sullivan made impermissible credibility determinations when she considered the statements of other employees and other evidence in the record, all of which contradicted Tavares's testimony. For example, Tavares states that "[t]here are many times that [Magistrate Judge Sullivan] describes the statements of other employees as though they are not disputed even though they disputed Plaintiff's testimony in whole or in part. Rather than simply accepting Plaintiff's statements as true as required by the law, [Magistrate Judge Sullivan] weighed the conflicting testimony of [Defendant's] witnesses in reaching [her] conclusion." (Tavares's Obj. to R&R 7, ECF No. 139.) However, Tavares has mischaracterized the nature of Magistrate Judge Sullivan's findings and the bases of her recommendation. Where Magistrate Judge Sullivan credited evidence that was contrary to Tavares's testimony, she explained that Tavares had offered no evidence to support his testimony and that

---

only "reasonable inference" Magistrate Judge Sullivan could legally draw was that the entire Notice was "a complete fabrication designed to set Plaintiff up for termination." (Tavares's Obj. to the R&R 11, ECF No. 139.) This inference does not logically flow from the inconsistencies in the Immediate Correction Notice or from any other facts in the record. This example is representative of the other, equally unreasonable inferences that Tavares urges this Court to draw.

the record evidence neither supported nor verified Tavares's version of events. (See R&R 30, ECF No. 138.)[8]

At the summary judgment stage, the non-movant bears the burden of identifying some evidence in the record indicating that there are genuine issues of material fact in dispute. See Curl v. Int'l Bus. Machs. Corp., 517 F.2d 212, 214 (5th Cir. 1975) ("[T]he party opposing summary judgment must be able to point to some facts which may or will entitle him to judgment, or refute the proof of the moving party in some material portion, and . . . the opposing party may not merely recite the incantation, 'Credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof.") (quoting Rinieri v. Scanlon, 254 F. Supp. 469, 474 (S.D.N.Y. 1996)). Additionally, a statement, unsupported by record evidence, that the Defendant's witnesses are not credible is not sufficient to establish that there are material facts in dispute. See Trentadue v. Redmon, 619 F.3d 648, 652 (7th Cir. 2010). Here, Tavares simply has not produced any evidence to

---

[8] For example, Tavares alleges that Whyte disclosed his mental illness to his co-workers, but he does not have personal knowledge of this and offers no evidence to support this allegation, other than his own beliefs. (Tavares's Obj. to the R&R 7, ECF No. 139.) He then argues that Magistrate Judge Sullivan made an impermissible credibility determination when she relied on conclusions and documentary evidence from the Human Resources Manager who investigated Tavares's allegation because "[t]he only matter that should have been considered was . . . the sworn statements and other statements provided by Plaintiff." (Tavares's Obj. to the R&R 7, ECF No. 139.)

support his version of events, and as a result there are no
material facts in dispute.

### III. Magistrate Judge Sullivan Did Not Improperly Consider the Effects of Tavares's Mental Illness in Assessing the Legal Sufficiency of His Claims.

Tavares argues that Magistrate Judge Sullivan "tries to use
Plaintiff's mental health illness as a basis for ignoring the legal
requirement [to view facts in the light most favorable to the
plaintiff] and making credibility determinations," and goes on to
argue that her reliance on Wilson v. New York City Police
Department[9] was inappropriate because there are factual differences
between the plaintiff in that case and Tavares.  (Tavares's Obj.
to the R&R 5, ECF No. 139.)  We need not compare the facts of
Wilson to the facts here, however, because nowhere in the R&R did
Magistrate Judge Sullivan rely on Tavares's mental illness, or the
holding in Wilson, to conclude that there were no genuine disputes
of material fact.  Rather, she merely acknowledged the reality
that "Tavares's mental illness is a factor complicating this
Court's consideration of the facts he has presented . . . ." (R&R
23, ECF No. 138.)

It seems that Magistrate Judge Sullivan's purpose in citing
Wilson was to establish that courts may acknowledge the influence

---

[9] No. 09-Civ. 2632 (ALC) (HPB), 2013 WL 878585 (S.D.N.Y. Feb.
6, 2013), report and recommendation adopted, No. 09 CIV. 2632 ALC
HBP, 2013 WL 929654 (S.D.N.Y. Mar. 11, 2013).

of a diagnosed mental illness when considering the record evidence and determining whether the plaintiff has presented genuine issues of material fact. (See R&R 23, ECF No. 138.)[10] Because Magistrate Judge Sullivan did not rely on Tavares's mental illness when determining whether there was a genuine dispute of any material fact, her reference to Wilson was neither inappropriate nor misplaced and does not constitute an impermissible credibility determination.

For the reasons discussed above, the Court hereby accepts the R&R pursuant to 28 U.S.C. § 636(b)(1). The R&R is ADOPTED; Defendant's Motion for Summary Judgment is GRANTED; Defendant's Motion for Sanctions is DENIED; and FINAL JUDGMENT will enter in favor of Defendant.

IT IS SO ORDERED.

William E. Smith
Chief Judge
Date:  November 29, 2016

---

[10] In its discussion of Wilson, the R&R restates a number of Tavares's more bizarre claims, as well as statements from Tavares's psychiatrist that Tavares's perceptions of his work environment were not necessarily "grounded in reality"; the R&R provides these examples only as evidence that Tavares's mental illness has, in fact, impacted his perception of and participation in this case. (R&R 23, ECF No. 138.) This does not constitute error.